## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 29 2019, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Ludovic Hall,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 29, 2019

Court of Appeals Case No.
18A-CR-2314

Appeal from the Marion Superior Court

The Honorable Steven Rubick, Magistrate

Trial Court Cause No.
49G07-1805-CM-14892

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Ludovic Hall (Hall), appeals from his conviction for disorderly conduct, a Class B misdemeanor, Ind. Code § 35-45-1-3(a)(1).

We affirm.

# ISSUE

Hall presents one issue on appeal, which we restate as: Whether the State produced sufficient evidence to prove beyond a reasonable doubt that he committed disorderly conduct.

# FACTS AND PROCEDURAL HISTORY

On April 17, 2018, Hall was at the City County Building in Indianapolis to attend a hearing in the Marion Superior Court, Civil Division 13. Hall became irate and began repeatedly yelling, "it's not fair[!]" (Transcript p. 6). The bailiff and magistrate of the Marion Superior Court, Civil Division 10, both heard Hall yelling from their offices. There was a boom, and Hall began yelling even louder. Then the bailiff and the magistrate heard the sound of breaking glass. They went out into the hallway where they saw that the glass panel of one of the building's doors was shattered. They also encountered Hall, who was the only person there. Hall told them that he did not intend to break the door.

On May 9, 2018, the State filed an Information, charging Hall with Class B misdemeanor criminal mischief and Class B misdemeanor disorderly conduct. On August 23, 2018, the trial court conducted Hall's bench trial. The trial court

found Hall guilty as charged but entered judgment of conviction on the disorderly conduct offense only. The trial court proceeded directly to sentencing and sentenced Hall to 180 days, fully suspended to time-served. The trial court also ordered Hall to pay $586.74 to the City of Indianapolis for the cost of replacing the broken door.

[6] Hall now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[7] Hall contends that the State did not prove beyond a reasonable doubt that he committed the offense of disorderly conduct. It is well-established that when we review the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is not our role as an appellate court to assess witness credibility or to weigh the evidence. *Id*. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*.

[8] The State charged Hall with disorderly conduct as follows:

> On or about April 17, 2018, [Hall] did recklessly, knowingly or intentionally engage in fighting or tumultuous conduct[.]

(Appellant's App. Vol. II, p. 12). At trial, the State proceeded on a theory that Hall committed tumultuous conduct, which is defined as "conduct that results

in, or is likely to result in, serious bodily injury to a person or substantial damage to property." I.C. § 35-45-1-1.

[9]     Hall does not dispute that he broke the glass plate of the door; rather, he contends that the State did not prove that he did so with the requisite intent. A defendant's intent is ordinarily a matter of circumstantial proof which may be inferred from the defendant's conduct. *Henson v. State*, 86 N.E.3d 432, 439 (Ind. Ct. App. 2017). A person acts intentionally if, "when he engages in the conduct, it is his conscious objective to do so." I.C. § 35-41-2-2(a).

[10]    Here, the evidence showed that immediately prior to breaking the glass, Hall was irate and yelling "it's not fair[!]" repeatedly through the City County Building, moments before he caused a booming sound and broke the glass in the door. (Tr. p. 6). This evidence supports a reasonable inference that Hall was angry at the time and, as a result of that anger, made contact with the door in a manner that resulted in its breaking. This evidence supported a reasonable conclusion that Hall acted intentionally—with the conscious objective to damage property and, as a result, break the glass.

[11]    The gravamen of Hall's argument on appeal is that the State did not make its case because no one directly observed him break the glass and the only evidence of his intent was his statement that he did not intend to do so. However, "[a] trier of fact may infer the requisite intent for a crime exists based solely on circumstantial evidence." *Brown v. State*, 67 N.E.3d 1127, 1131 (Ind. Ct. App. 2017). Therefore, it was not necessary for the State to produce direct evidence

in the form of an eye witness to the glass breaking in order to make its case. The circumstances surrounding the offense showing that Hall was angry prior to breaking the glass supported a reasonable inference that Hall acted intentionally when he broke the glass, and we will not consider contrary evidence, given our standard of review. *See Drane*, 867 N.E.2d at 146.

## CONCLUSION

[12] In light of the foregoing, we conclude that the State proved that Hall committed disorderly conduct beyond a reasonable doubt.

[13] Affirmed.

[14] Bailey, J. and Pyle, J. concur